UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                                        CR 97-59-RE
                                                                 CV 07-1799-RE
                        Plaintiff-Respondent,

                                                                 OPINION AND ORDER

          v.


DAVID GUIDRY,

                        Defendant-Petitioner.
_____

REDDEN, Judge:

          For the reasons stated below: (1) Petitioner's Motion for Leave to Proceed *in forma pauperis* (doc. 1 in CV 07-1799-RE) is GRANTED; (2) the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 2 in CV 07-1799-RE) is DISMISSED; (3) the Motion for Hearing pursuant to 18 U.S.C. § 4247(h) (doc. 7 in CV 07-1799-RE) is DISMISSED; and (4) the Petition for a Writ of Error *Coram Nobis* (doc. 81 in CR 97-59-RE) is DENIED.


PAGE 1 - OPINION AND ORDER

## I. Background

On October 29, 1997, following a stipulation by the parties, the court found Petitioner David Guidry not guilty only by reason of insanity on one count of attempted rape in violation of 18 U.S.C. §§ 2241(a) and 2246.  On December 10, 1997, the court committed Guidry to the custody of the Attorney General pursuant to 18 U.S.C. § 4243, and Guidry was subsequently admitted to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri.

On July 14, 2000, upon recommendation by medical staff at the U.S. Medical Center for Federal Prisons, the court ordered Guidry's conditional release pursuant to 18 U.S.C. § 4243(f). On August 10, 2000, Guidry was conditionally released pursuant to that order.

Within days of his release, Guidry robbed a bank in California and also used crack cocaine.  Upon request from the Probation Office, this court transferred jurisdiction over Guidry's conditional release to the Eastern District of California, and that court assumed jurisdiction over Guidry's conditional release.

On January 30, 2002, Guidry pleaded guilty to the bank robbery charge in the Eastern District of California and was sentenced to 96 months imprisonment.  The Honorable Lawrence K. Karlton, United States District Court Judge for the Eastern District of California, rescinded Guidry's conditional release and recommitted him to the Devens Medical Center for Federal Prisoners in Ayer, Massachusetts for psychiatric treatment pursuant to 18 U.S.C. § 4243(e).

Guidry completed his 96 month sentence for bank robbery on October 9, 2007.  He remains committed, however, pursuant to 18 U.S.C. § 4244.  His most recent risk assessment determined that he continues to be both mentally ill and dangerous.  On May 22, 2008, Guidry was transferred to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, where

he remains in custody.

On October 17, 2007, Guidry filed a Petition for Writ of Error *Coram Nobis* in this court. See United States v. Guidry, 97-59-RE (D. Or.) (doc. 81). On December 3, 2007, Guidry filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("2241 Petition"). See Guidry v. United States, No. CV 07-1799-RE (D. Or.) (doc. 2). Guidry simultaneously moved for leave to proceed *in forma pauperis*. See No. CV 07-1799-RE (D. Or.) (doc. 1). On March 19, 2008, Guidry filed a Motion for Hearing pursuant to federal civil commitment statute, 18 U.S.C. § 4247(h). See No. CV 07-1799-RE (D. Or.) (doc. 7).

## II. Discussion

### A. Motion for Leave to Proceed *In Forma Pauperis*

An examination of Guidry's financial disclosure in support of his motion to proceed *in forma pauperis* reveals that he has $4.65 in his prison account, and his average daily balance for the last six months was $22.04. Petitioner has no other assets. Accordingly, the court finds that he is unable to afford the fees of this action. IT IS ORDERED that the provisional *in forma pauperis* status given to Petitioner is confirmed. Because Guidry is not a prisoner as defined under 28 U.S.C. § 1915(h), he may receive a complete waiver of the filing fee and is not subject to the filing fee under 28 U.S.C. § 1915(b).

### B. 2241 Petition and Motion for Hearing Pursuant to 18 U.S.C. § 4247(h)

In his 2241 Petition, Guidry asserts various challenges to the legality of this court's October 29, 1997 verdict of not guilty only by reason of insanity in criminal case number CR 97-59-RE. But, Guidry "may not collaterally attack his decision to assert a successful insanity defense." Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004); see also Curry v. Overholser,

287 F.2d 137, 139-40 (D.C. Cir. 1960).  To the extent that Guidry challenges the conditions of

his confinement, Guidry must file a § 2241 petition in the jurisdiction of confinement.  See

Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) ("For a court to hear a petition

for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian.").  Because

Guidry is currently confined at the U.S. Medical Center for Federal Prisoners in Springfield,

Missouri, the District of Oregon lacks jurisdiction to hear Guidry's 2241 Petition.

Similarly, this court lacks jurisdiction to hold a hearing pursuant to 18 U.S.C. § 4243(h),

to determine Guidry's eligibility for release from his current federal commitment.  Guidry is in

custody by reason of a commitment order issued by the Eastern District of California, and

"[o]nly that court . . . may grant the statutory relief he seeks, either conditional or unconditional

release." Archuleta, 365 F.3d at 649.  Although this court did commit Guidry to a term of

confinement in criminal case number CR 97-59-RE, the court subsequently transferred

jurisdiction over Guidry's conditional release to the Eastern District of California.  As such, this

court retains no jurisdiction over Guidry's current commitment.  Because Guidry is in custody

pursuant to a commitment order issued by the Eastern District of California, only that court may

conduct a discharge hearing pursuant to 18 U.S.C. § 4247(h).  Archuleta, 365 F.3d at 649.

C. Petition for Writ of Error *Coram Nobis*

The Writ of Error *Coram Nobis* is a "highly unusual remedy, available only to correct

grave injustices in a narrow range of cases where no more conventional remedy is applicable."

United States v. Reidl, 496 F.3d 1003, 1005 (9th Cir. 2007).  The writ serves the narrow purpose

of filling a void in the availability of post-conviction remedies in criminal cases:

A convicted defendant who is in federal custody and claims that his sentence 'was
imposed in violation of the Constitution or laws of the United States . . . or is

PAGE 4 - OPINION AND ORDER

> otherwise subject to collateral attack' may move to have his sentence vacated
> under 28 U.S.C. § 2255.  Such habeas corpus relief is not available, however, to a
> defendant who has served his sentence and has been released from custody.  In
> such a situation, 'no statutory avenue to relief [exists] from the lingering collateral
> consequences of an unconstitutional or unlawful conviction based on errors of
> fact.'

Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987) (citation omitted; alteration in original).  Thus, the "writ of error *coram nobis* affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody."  Estate of McKinney By and Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995) (emphasis added).

To qualify for *coram nobis* relief, four requirements must be satisfied: "(1) a more usual remedy is not available; (2) valid reasons exists for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."  Hirabayashi, 828 F.2d at 604.  Failure to meet any one of those elements is fatal to a defendant's petition. Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Guidry is not entitled to *coram nobis* relief because he was never "convicted" of any offense in this court.  Hirabayashi, 828 F.2d at 604.  This court found Guidry not guilty only by reason of insanity.  As such, he avoided the "adverse consequences" of a conviction that the writ of *coram nobis* was designed to address.  Id.  Moreover, Guidry has other "more usual" remedies available.  Id.  Guidry may seek relief under the civil commitment statute, 18 U.S.C. 4247(h), in the Eastern District of California, which is the court that ordered his current commitment.  See Archuleta, 365 F.3d at 648 (holding that a claim that petitioner meets the standard for conditional release under §4247(h) may only be raised before the court that entered the commitment order).  Because he has other "more usual" statutory remedies, the Writ of Error

PAGE 5 - OPINION AND ORDER

*Coram Nobis* is not available.  <u>Pennsylvania Bureau of Correction v. U.S. Marshals Serv.</u>, 474

U.S. 34, 43 (1985).

### III. Conclusion

For the reasons stated above: (1) Petitioner's Motion for Leave to Proceed *in forma*

*pauperis* (doc. 1 in CV 07-1799-RE) is GRANTED, and his *in forma pauperis* status is

CONFIRMED; (2) the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 2

in CV 07-1799-RE) is DISMISSED for lack of subject matter jurisdiction; (3) the Motion for

Hearing pursuant to 18 U.S.C. § 4247(h) (doc. 7 in CV 07-1799-RE) is DISMISSED for lack of

subject matter jurisdiction; and (4) the Petition for a Writ of Error *Coram Nobis* (doc. 81 in CR

97-59-RE) is DENIED.

IT IS SO ORDERED.

DATED this  22nd  day of August, 2008.


/s/ James A. Redden
James A. Redden
United States District Judge


PAGE 6 - OPINION AND ORDER